RENDERED:  MAY 10, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0552-MR

SHAWNTELE JACKSON                                                APPELLANT


v.          APPEAL FROM FRANKLIN CIRCUIT COURT
            HONORABLE THOMAS D. WINGATE, JUDGE
            ACTION NO. 22-CI-00389


JESSIE FERGUSON; CHRISTOPHER
WRIGHT; DURELL ST. CLAIR; AND
THOMAS HARPER                                                    APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ECKERLE, A. JONES, AND KAREM, JUDGES.

KAREM, JUDGE:  Shawntele Jackson ("Jackson"), an inmate currently confined

at the Eastern Kentucky Correctional Complex, appeals *pro se* from the Franklin

Circuit Court's order granting Appellees' motion for summary judgment regarding

Jackson's action under Kentucky Revised Statute ("KRS") 418.040 challenging

two disciplinary proceedings held at the Roederer Correctional Complex ("RCC"),

which resulted in findings that he violated institution rules. Finding no error, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On April 22, 2021, corrections officers searched Jackson's property. During the search, officers discovered a universal charger, which investigating officers determined was a cell phone charger. Jackson claimed he purchased it through a catalog while housed at Lee Adjustment Center and used it to charge a Nintendo DS gaming system ("DS"). However, this type of charger was not available to inmates for purchase at the Lee Adjustment Center. Thus, Jackson was charged with a violation of Corrections Policies and Procedures ("CPP") 15.2(II)(C), 6-03 for possession or promotion of dangerous contraband.

Officers searched Jackson's property again on May 18, 2021, and located the DS. As was required, the DS had Jackson's Department of Corrections ("DOC") inmate number. However, the device appeared to have once had another inmate's DOC number engraved on it, which was scratched off, and a sticker was placed over it, obscuring the damage. Neither Jackson nor the DOC possessed any record indicating that Jackson had purchased the Nintendo DS. Additionally, while Jackson stated that it had been "inventoried multiple times," he could not provide proof of purchase. Thus, Jackson was charged with violating CPP 15.2(II)(C), 4-15, which prohibited the unauthorized transfer of money or property.

The DOC's Adjustment Committee found Jackson guilty of each offense. His penalties consisted of 30 days in disciplinary segregation and 60 days of canteen restriction, and he appealed to the Warden. The Warden affirmed both convictions on July 27, 2021. Thereafter, Jackson filed a petition for declaration of rights in Franklin Circuit Court. Appellees moved for summary judgment, which the circuit court granted in an order entered on April 18, 2023. The Franklin Circuit Court found that the DOC had afforded Jackson the process due to him and that the "some evidence" standard utilized to review a prison disciplinary board's decision was met in this case. This appeal followed.

We will discuss further facts as they become relevant.

## ANALYSIS

### I.     Standard of Review and the "Some Evidence" Standard

We will disturb the circuit court's findings of fact only if they are clearly erroneous. Kentucky Rules of Civil Procedure ("CR") 52.01; *Cherry v. Cherry*, 634 S.W.2d 423, 425 (Ky. 1982). A finding of fact is clearly erroneous if it is not supported by substantial evidence, which is evidence sufficient to "induce conviction in the mind of a reasonable person." *Hunter v. Hunter*, 127 S.W.3d 656, 659 (Ky. App. 2003) (citations omitted). We review questions of law *de novo*. *Carroll v. Meredith*, 59 S.W.3d 484, 489 (Ky. App. 2001).

## II.     Due Process

Jackson argues on appeal that his due process rights were violated in this case.   However, the United States Supreme Court has determined that an inmate's due process rights are limited in prison disciplinary proceedings.  *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S. Ct. 2963, 2975, 41 L. Ed. 2d 935 (1974). Indeed, "the full panoply of rights due a defendant in [criminal] proceedings does not apply." *Id.* (citation omitted); *see also Webb v. Sharp*, 223 S.W.3d 113, 117 (Ky. 2007).  Limitations to an inmate's due process rights are needed to "balanc[e] the prison administration's profound interest in maintaining order against the inmate's relatively minor interest in avoiding a portion of his sentence." *Smith v. O'Dea*, 939 S.W.2d 353, 357 (Ky. App. 1997).

Thus, due process for prison disciplinary proceedings necessitates: "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." *Webb*, 223 S.W.3d at 117-18 (citations omitted).

In this case, we agree that Jackson received adequate due process. The DOC provided Jackson advance written notice of the charges against him, the opportunity to call witnesses and present evidence in his defense, and a written

-4-

statement from the factfinder of the evidence relied upon and the reasons for the disciplinary actions. Thus, we affirm the circuit court's determination that Jackson received adequate due process in the proceedings.

### III. "Some Evidence" Standard

Jackson additionally challenges the circuit court's determination that "some evidence" existed to support the findings. The United States Supreme Court has established the "some evidence" standard for reviewing a prison disciplinary board's decision to revoke good time credits. *Superintendent, Massachusetts Correctional Institution, Walpole v. Hill*, 472 U.S. 445, 455, 105 S. Ct. 2768, 2774, 86 L. Ed. 2d 356 (1985). The "some evidence" standard is met if "there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 456-57, 105 S. Ct. at 2774 (citations omitted).

The evidence must only create a reasonable inference that the inmate committed the charged offense. *Smith*, 939 S.W.2d at 357. Additionally, "[a]scertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." *Hill*, 472 U.S. at 455, 105 S. Ct. at 2774. Rather, the "relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455-56, 105 S. Ct. at 2774 (citations omitted).

In this case, the circuit court correctly found that "some evidence" supported the disciplinary board's findings of guilt. Jackson does not dispute that he possessed the charger and the DS. As to the charger, the Franklin Circuit Court correctly found in its review of the record that Lee Adjustment Center did not provide for purchase the type of charger that Jackson had in his possession and that it was a charger typically used for cell phones. Because the device could charge a cell phone, it was reasonable to infer that Jackson used it for that purpose. *Smith*, 939 S.W.2d at 357.

Moreover, the circuit court found "some evidence" to support the DS conviction, as neither the DOC nor Jackson could provide records to prove that Jackson's possession of the DS was legitimate. *Id*. Instead, the device showed signs of tampering and modifications to the inmate number. We agree with the circuit court that the "some evidence" standard has been met in this case.

## CONCLUSION

For the foregoing reasons, we affirm the Franklin Circuit Court's order granting the DOC's motion for summary judgment.

ALL CONCUR.

BRIEF FOR APPELLANT:        BRIEF FOR APPELLEES:

Shawntele Jackson, *pro se*     Jonathan Gifford
West Liberty, Kentucky      Frankfort, Kentucky